Parsons, C. J.
At common law it is an indictable offence to cheat any man of his money, goods, or chattels, by using false weights or false measures; and by the English statute of 33 H. 8, c. 1, passed before the settlement of this country, and considered here as a part of our common law, cheating by false tokens is made an indictable offence. The object of the law is, to protect [ * 73 ] persons * who in their dealings use due diligence and precaution, and not persons who suffer through their own credulity, carelessness, or negligence. But as prudent persons may be overreached by means of false weights, measures, or tokens, or by a conspiracy, where two or more persons confederate to cheat, frauds effected in either of these ways are punishable by indictment. And by an English statute of 30 G. 2, c. 24, which is not in force in this *61 state, the same prosecution has been extended to cheating by false pretences.
But if a man will give credit to the false affirmation of another, and thereby suffer himself to be cheated, he may pursue a civil remedy for the injury, but he cannot prosecute by indictment. (1)
If, therefore, A dams was cheated out of his shoes by the defendant, without using false weights, measures, or tokens, and by no conspiracy, but only by his credulity in believing the lies of the defendant, although he may have an action against the defendant to recover his damages, yet this indictment cannot be maintained, whatever false pretences the defendant may have wickedly used.
And it appears that Adams was imposed on by the gross lies of the defendant. He pretended and affirmed that his name was William Waterman, and that he was a grocer in good credit in Salem. Adams, unfortunately believing him, sold and delivered him the shoes on credit; and when the defendant gave his note as security, he used his false name.
We see here no conspiracy, for the defendant was alone in the fraud; and no false tokens to induce a credit; and as for false weights or measures, there is no pretence. We cannot therefore consider the facts stated in the indictment (however injurious they were to Adams) as constituting a public indictable offence. (2)

Judgment arrested.

Bidwell, attorney-general, for the commonwealth.

 Vide Hawk. P. C. b. 1, c. 71, § 2. — Rex vs. Wheatly, 2 Burr. 1125.

 Rex vs. Lara, 6 D. & E. 565